CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 22, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,                )  |   |
|     Plaintiff,       )  | Civil Action No. 7:24-cv-00443 |
|                              )  |   |
| v.                           )  |   |
|                              )  | By: Elizabeth K. Dillon |
| POCAHONTAS STATE             )  | Chief United States District Judge |
| CORRECTIONAL CENTER, *et al.*,)  |   |
|     Defendants.     )  |   |

**MEMORANDUM OPINION**

Plaintiff David Meyers, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.)  Meyers has not paid the filing fee.

Based on court records, it is clear that at least three of Meyers' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Meyers may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  His complaint, however, fails to allege any imminent danger of serious physical injury.  For this reason, the court will dismiss the complaint in its entirety.

The first claim in plaintiff's complaint is largely unintelligible, but it appears to allege an Eighth Amendment violation due to being denied a proposed transfer in retaliation for something that the court cannot discern, and that certain prison staff threatened to kill and/or sexually

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Meyers v. United States Dist. Ct.*, 7:18-cv-472 (W.D. Va. Nov. 2, 2018); *Meyers v. United States Dist. Ct.*, 7:18-cv-474 (W.D. Va. Nov. 2, 2018); *Meyers v. Clarke*, 7:18-cv-435 (W.D. Va. Sept. 7, 2018). Meyers is also subject to a pre-filing injunction, *see* Case No. 7:19-cv-573 (W.D. Va.), but the court finds that the instant complaint complies with the requirements of that order pertaining to formatting and abusive language.

assault him on June 24, 2024. His second claim also alleges cruel and unusual punishment in violation of the Eighth Amendment based on an incident that occurred in 2016, when prison staff dragged him 300 yards from the sallyport to the shower and then threw him head-first into a medical exam room. (*See* Compl. 2.)

Notably, Meyers' complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Meyers' complaint is focused on past infractions and not on any danger that is close at hand. Moreover, there are no allegations of a pattern of misconduct suggesting imminent serious physical injury.

As Meyers has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: August 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge